# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Criminal Action No.: 3:17-cr-00575-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Vance Edward Volius, Jr., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court on Defendant Vance Edward Volius, Jr.'s Motion to Sever (ECF No. 214), filed on January 19, 2018. For the following reasons, the court **DENIES** Defendant's Motion. (*Id.*)

## I. PROCEDURAL BACKGROUND

On June 20, 2017, Defendant was indicted by a Grand Jury for (1) conspiracy to violate federal law; (2) the transport and receipt of explosives with intent to kill; (3) the mailing of a nonmailable item with intent to kill; and (4) carrying explosives during the commission of another crime. (ECF No. 23.) In this Motion, Defendant requests to be severed from his co-Defendant, Michael Young. (ECF No. 214.) The Government filed an Omnibus Response opposing Defendant's Motion on February 3, 2018 (ECF No. 234), and Defendant filed a reply on February 6, 2018 (ECF No. 238).

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 8(b) allows defendants to be charged in the same indictment where "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Generally, defendants who are indicted together should be tried together because it aids in judicial

1

efficiency and "serve[s] the interests of justice by avoiding the . . . inequity of inconsistent verdicts." *United States v. Dinkins*, 691 F.3d 358, 368 (4th Cir. 2012) (internal citations and quotation marks omitted).

However, relief from joinder is proper under Rule 14(a). "If the joinder of offenses or defendants in an indictment . . . for trial appears to prejudice a defendant . . . the court may order separate trials of counts, sever the defendant's trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). A defendant seeking a severance has a high burden and must "establish that actual prejudice would result from a joint trial . . . not merely that a separate trial would offer a better chance of acquittal." *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir.1995) (internal citations and quotation marks omitted). Additionally, "[a] defendant is not entitled to severance merely . . . because the evidence against one defendant is not as strong as that against the other." *United States v. Strickland*, 245 F.3d 368, 384 (4th Cir. 2001).

### III. ANALYSIS

Defendant argues that this case should be severed under Rule 14. (ECF No. 214.) Defendant cites four reasons that a joint trial with co-Defendant Young would prejudice him. (*Id.*) First, Defendant asserts the government intends to "offer evidence that Young has been convicted of killing the alleged victim's father and previously convicted of attempting to kill the same alleged victim in the current indictment." (*Id.*) Defendant is concerned that the Government will offer the evidence of this prior wrongdoing against him and co-Defendant Young. (*Id.*) Secondly, Defendant states that the Government appears through its production of discovery that co-Defendant Young, a prisoner in the South Carolina correctional facility, was using the dark web to engage in the purpose of buying weapons and bombs, and such evidence would have a prejudicial effect on Defendant. (*Id.*) Thirdly, Defendant posits that co-Defendant Young has

2

given statements to his attorney and an investigator that was provided to the Government as reciprocal discovery and possibly other statements to police officers that implicate or refer to Defendant. (*Id.*) Lastly, Defendant espouses that a joint trial will hamper his right to remain silent and his right to confront witnesses against him. (*Id.*)

Defendant fails to meet the burden of establishing actual prejudice required to justify a severance under Rule 14. *United States v. Collins*, 372 F.3d 629, 634 n.2 (4th Cir. 2004) (finding severance of co-conspirator was properly denied when the defendant "utterly failed to establish that actual prejudice would result from a joint trial"); *United States v. Najjar*, 300 F.3d 466, 473 (4th Cir. 2002) (defendant's conclusory speculation that there might be reasons that would justify severance was inadequate); *United States v. Becker*, 585 F.2d 703, 707 (4th Cir. 1978) ("Speculative allegations as to possible prejudice do not meet the burden."). Without strong evidence of a "miscarriage of justice," co-defendants should be tried in the same trial. *Richardson v. Marsh*, 481 U.S. 200, 206-11 (1987); *United States v. Samuels*, 970 F.2d 1312, 1314 (4th Cir. 1992). This "presumption [of a joint trial] is especially strong in conspiracy cases." *United States v. Harris*, 498 F.3d 278, 291 (4th Cir. 2007); *United States v. Dinkins*, 691 F.3d 358, 368 (4th Cir. 2012) (quoting *United States v. Tedder*, 801 F.2d 1437, 1450 (4th Cir. 1986)) ("Joinder is highly favored in conspiracy cases, over and above the general disposition supporting joinder for reasons of efficiency and judicial economy."). Thus, while Rule 14(a) permits the court to consider severance due to prejudice to the defendant, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534 (1993); *accord Harris*, 498 F.3d at 291-92.

In particular, no right to severance exists because the evidence against one defendant is stronger or more inflammatory than the evidence against the other defendant. *See, e.g. United States v. Lighty*, 616 F.3d 321, 350-51; *United States v. Johnson*, 219 F3d 349, 357 (4th Cir. 2000); *United States v. Akinkoye*, 185 F.3d 192, 197 (4th Cir. 1999). Defendant's generalized claim that "Young has been convicted of killing the alleged victim's father and previously convicted of attempting to kill the same alleged victim in the current indictment" fails to show undue prejudice to him and does not justify severance. *See United States v. Hall*, 93 F.3d 126, 125 (4th Cir. 1996) (rejecting defendant's argument "that evidence brought against his co-defendant . . . on [a related] murder charge" required severance). Further, the same evidence of co-defendant Young's prior attempted murder would be admissible against Defendant in a separate trial as it would be in a joint trial. *See United States v. Najjar*, 300 F.3d 466, 473 (4th Cir. 2002) (noting that speculation that there "would be evidence admitted against his co-defendants that would be inadmissible against him" was too speculative to require severance).

In addition, even if there were inconsistencies in Defendant and co-Defendant Young's defenses, general "hostility" or "finger-pointing" between defendants is insufficient to require severance. *Lighty*, 616 F.3d 321, 348 (4th Cir. 2010); *see also United States v. Spitler*, 800 F.2d 1267, 1271 (4th Cir. 1986) ("The mere presence of hostility among defendants . . . or a desire of one to exculpate himself by inculpating another [are] insufficient grounds to require separate trials."). In so far as Defendant suggests that severance is required because Defendant desires for co-Defendant Young to offer exculpatory testimony for Defendant, such a claim also fails. The United Stated Court of Appeals for the Fourth Circuit has explained that an attempt to sever a trial based on the asserted need for a co-defendant's testimony is unlikely to succeed. *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995). When the motion to sever is based on

4

prospective co-defendant testimony, the defendant must affirmatively establish: (1) a bona fide need for the co-defendant's testimony; (2) the likelihood the co-defendant would waive his Fifth Amendment privilege and testify; (3) the substance of the co-defendant's testimony; and (4) the exculpatory nature and effect of the testimony. *Id*. Defendant fails to provide the court with any evidence that would suggest that the four required factors have been met to overcome the strong presumption for a joint trial of co-conspirators.

## CONCLUSION

Based on the aforementioned reasons, the court **DENIES** Defendant's Motion to Sever (ECF No. 214).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 28, 2018
Columbia, South Carolina