IN TE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | ) | |
|---|---|---|
| | ) | Criminal Action No.: 3:17-cr-00575-JMC |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Vance Edward Volious, Jr., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court pursuant to Defendant Vance Edward Volious, Jr.'s Motion for Production of Exculpatory and Impeaching Information (ECF No. 86). The Government has made no response to this Motion. A pretrial conference was held on October 26, 2017 at which Defendant requested a continuance because of the "voluminous" discovery in this case. ECF No. 198.

*Brady* requires the government to disclose to the defense evidence which is favorable to an accused, where the evidence is material either to guilt or to punishment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Furthermore, for exculpatory and impeaching evidence, a prosecutor has a duty to learn of any such material known to others acting on the government's behalf in the case. *See Kyles v. Whitley*, 514 U.S. 419, 435, 437, 439 (1995) (emphasizing that favorable evidence consists of evidence that undermines confidence in the verdict); *United States v. Beckford*, 962 F. Supp. 780, 785 (E.D. Va. 1997) ("In discharge of its obligations under *Brady*, the government must actively search out the requested material in its files and in the files of related agencies reasonably expected to have possession of such information."). Potential *Brady* evidence is sometimes withheld by the prosecution as privileged, but after the prosecutor's initial disclosure under *Brady*, if a defendant does not specifically request information that was withheld as privileged, the prosecutor's decision on disclosure is final. *United States v. Trevino*, 89 F.3d 187,

189 (4th Cir. 1990). "If, however, the accused is able to identify the requested confidential material with some degree of specificity, he may then attempt to convince the district court that it is subject to disclosure." *Id*.

Defendant's present Motion is only a generalized discovery motion that requests broad categories of information instead of specific pieces of evidence or information. However, on March 7, 2018, the court held a Suppression Hearing. During that hearing, the court made clear to the Government that it has until Monday, March 12, 2018 to disclose to Defendant all appropriately requested discovery. The court discussed on the record circumstances in which Defendant's counsel would have to view certain evidence at a government location, and that certain evidence is equally obtainable by both parties. Taking into account those limitations, the court **GRANTS** Defendant's Motion for Production of Exculpatory and Impeaching Information (ECF No. 86).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 9, 2018
Columbia, South Carolina