# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Criminal Action No.: 3:17-cr-00575-JMC |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Vance Edward Volious, Jr., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Defendant Vance Edward Volious, Jr.'s Motion to Dismiss Charges and Brief (ECF No. 226).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On June 20, 2017, the Government filed a four-count Indictment against Defendant and two other co-defendants. (*See* ECF No. 22.) Count 1 of the Indictment charges defendants with conspiracy to violate federal law and it contains allegations that defendants "ordered, paid for, received, armed and attempted to reship a mail bomb for the purpose of killing an intended victim." (*Id.* at 1.) Additionally, the Indictment alleges that defendants conspired to distribute controlled substances. (*Id.* at 3–4.) Count 2 charges defendants with the transport and receipt of explosives to kill an individual, in violation of 18 U.S.C. § 844(d) & 2. (*Id.* at 8.) Count 3 charges defendants with mailing a nonmailable item with intent to kill, in violation of 18 U.S.C. § 1716(j)(2) & 2. (*Id.* at 9.) Count 4 charges defendants with carrying explosives during the commission of a felony, in violation of 18 U.S.C. § 844(h) & 2. (*Id.*)

On January 20, 2018, Defendant filed a Motion to Dismiss the Indictment. (ECF No. 226.) On February 3, 2018, the Government filed a response in opposition. (ECF No. 234 at 37.)

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 7(c)(1) establishes that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." "A motion to dismiss an indictment tests whether the indictment sufficiently charges the offense the defendant is accused of committing." *United States v. Roof*, 225 F. Supp. 3d 438, 441–42 (D.S.C. 2016) (citing *United States v. Vanderhorst*, 2 F. Supp. 3d 792, 795 (D.S.C. 2014)). "To pass constitutional muster, an indictment must (1) indicate the elements of the offense and fairly inform the defendant of the exact charges and (2) enable the defendant to plead double jeopardy in subsequent prosecutions for the same offense." *Vanderhorst*, 2 F. Supp. 3d at 795 (quoting *United States v. Williams*, 152 F.3d 294, 299 (4th Cir.1998)). One of the principal purposes of a grand jury indictment is to notify the defendant of the charges against him so that he can prepare his defense accordingly. *Id*. (quoting *United States v. Fogel*, 901 F.2d 23, 25 (4th Cir. 1990)). Specifically, the Fourth Circuit has held that "[a]n indictment is sufficient if it states each of the essential elements of the offense." *U.S. v. Lockhart*, 382 F.3d 447, 449 (4th Cir. 2004) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)).

Furthermore, "a district court [generally] may not dismiss an indictment on a determination of facts: 'a challenge to the sufficiency of the indictment . . . is ordinarily limited to the allegations contained in the indictment.'" *Roof*, 225 F. Supp. 3d at 442 (quoting *United States v. Engle*, 676 F.3d 405, 415 (4th Cir. 2012) (internal quotation marks omitted)). "To obtain dismissal of an indictment, therefore, a defendant must show the allegations, even if true, fail to state an offense." *United States v. Thomas*, 367 F.3d 194, 197 (4th Cir. 2004).

## III. ANALYSIS

Defendant moves the court to dismiss the charges against him or, alternatively, hold an

evidentiary hearing on the validity of the Indictment. (ECF No. 226 at 2–3).[1] Defendant essentially argues that the Indictment fails to allege facts respecting all material elements of the offenses charged. (*Id.* at 2 (citing *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (noting that in a civil case "a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory.")).) Specifically, Defendant asserts that this rule from *Bredesen* should apply in the context of criminal indictments because "the lower courts could and should construe" the Supreme Court's decision in *Hamling* as imposing on prosecutors the same requirement that civil plaintiffs must meet. (*Id.*) In response, the Government argues that an indictment is sufficient as long as "it states each of the essential elements of the offense." (ECF No. 234 at 37 (citing *Lockhart*, 382 F.3d at 449).) Here, the Government claims that the "indictment does that and far more, detailing the agreement, the conspirators, the conspiracy's objects (the four criminal offenses), the purposes, manner, means, some of the overt acts in furtherance of the conspiracy, as well as setting forth sufficient allegations to state each element of the substantive counts (Counts 2-4)." (*Id.* (citing ECF No. 23 at 2–9).)

First, the court notes that Defendant cites to no case law in support of his argument that civil pleading requirements should apply in the criminal context.[2] Moreover, the court does not find that the Supreme Court's decision in *Hamling* supports Defendant's argument. In *Hamling*, the court held that an indictment is sufficient if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend . . . ." 418 U.S. at 117.

---

[1] Defendant requests that the court dismiss the "charge currently pending against him," but does not specify the specific charge he wants to be dismissed. (ECF No. 226 at 2.) However, the court construes Defendant's request as one asking for the dismissal of all charges in his Indictment.

[2] Furthermore, the court notes that Defendant does not point to specific parts of the Indictment that he finds to be deficient. (*See* ECF No. 226.)

The Court noted that "[i]t is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Id.* (citing *United States v. Carll*, 105 U.S. 611, 612 (1882)). However, the Court noted that when the statute is used to describe the offense in a general manner, "it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." *Id.* (quoting *United States v. Hess*, 124 U.S. 483, 487 (1888)); *see also Vanderhorst*, 2 F. Supp. 3d at 798.

Here, the court finds that the Indictment was proper because it informed Defendant of the elements of the offenses charged and because the descriptions of the statutes combined with the allegations in the Indictment were sufficient to give Defendant notice of the charges against him. *See Vanderhorst*, 2 F. Supp. 3d at 795. Specifically, Count 1 outlines the objects of the conspiracy and their respective elements. (*See* ECF No. 22 at 2–3.) Additionally, Count 1 describes the purposes of the conspiracy, the manner and means in which it was carried out, and multiple overt acts in furtherance of the conspiracy. (*See* ECF No. 22 at 1–7.) Moreover, the Indictment separately lays out the three substantive counts, Transport and Receipt of Explosives to Kill an Individual, Mailing Nonmailable Item with Intent to Kill, and Carrying Explosives During the Commission of a Felony, and their respective elements. (*See id.* at 7–9.)[3]

---

[3] Specifically, the language in the Indictment largely mirrors the language in the relevant statutes. (*See id.* at 7–9); *see also* 18 U.S.C. § 844(d) ("Whoever transports or receives . . . in interstate or foreign commerce any explosive with the knowledge or intent that it will be used to kill, injure, or intimidate any individual . . . shall be imprisoned for not more than ten years, or fined under this title, or both"); 18 U.S.C. § 1716(j)(2) ("Whoever knowingly deposits for mailing or delivery, or knowingly causes to be delivered by mail, according to the direction thereon or at any place to which it is directed to be delivered by the person to whom it is

The Indictment laid out the offenses, their respective elements, and multiple specific allegations in a way that was more than sufficient to "notify the defendant of the charges against him . . . ." *See Vanderhorst*, 2 F. Supp. 3d at 795 (quoting *United States v. Fogel*, 901 F.2d 23, 25 (4th Cir.1990)). Accordingly, the court finds Defendant's motion to be without merit.[4]

### IV. CONCLUSION

Based on the aforementioned reasons and a thorough review of the record in this case, the court **DENIES** Defendant's Motion to Dismiss Charges (ECF No. 226). Additionally, based on the foregoing, the court **DENIES** Defendant's alternative request for an evidentiary hearing.[5]

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 9, 2018
Columbia, South Carolina

---

addressed, anything declared nonmailable by this section . . . with intent to kill or injure another . . . shall be fined under this title or imprisoned not more than twenty years, or both"); 18 U.S.C. § 844(d) (prohibiting the use of explosives in the commission of a felony).

[4] Defendant additionally attaches an affidavit from his co-defendant Michael Young. (*See* ECF No. 226-1.) In the affidavit, Young states that he asked Defendant to print a shipping label on Young's behalf, but that he did not inform Defendant of "the intended use for that shipping label." (*Id.*) The court notes that Defendant, by introducing this affidavit, is essentially trying to attack the veracity of the allegations contained in the Indictment. However, the court notes that the correct inquiry for determining whether an indictment should be dismissed is not whether the allegations are factually accurate, rather, it is whether the allegations, if true, state an offense. *See Thomas*, 367 F.3d at 197; *see also Roof*, 225 F. Supp. 3d at 442. Accordingly, the court does not find that this affidavit supports dismissal of the Indictment.

[5] "To obtain an evidentiary hearing on a motion to dismiss an indictment, a defendant 'must present some evidence that tends to show the existence' of a meritorious reason for dismissal." *United States v. Jaunich*, Criminal No. 13–183 (JRT/LIB), 2014 WL 1026331, at *7 (D. Minn. March 14, 2014) (quoting *United States v. Peterson*, 652 F.3d 979, 982 (8th Cir. 2011)).