IN TE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Criminal Action No.: 3:17-cr-00575-JMC |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Vance Edward Volious, Jr., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

This matter is before the court pursuant to Defendant Vance Edward Volious, Jr.'s Motion to Dismiss Count One or, Alternatively, to Strike Language Regarding a Drug Conspiracy. (ECF No. 221.) The Government responded to this Motion in its omnibus response. (ECF No. 234 at 29-30.)

Defendant argues in his Motion that the evidence suggests there are two separate conspiracies, one for mailing an explosive device and a second tied to narcotics. (ECF No. 221 at 1.) Defendant alleges that Count One fails to specify that the conspiracy to traffic drugs is related to the conspiracy for attempted murder, and the evidence to be produced at trial will be sufficient only to support a finding of separate conspiracies. (ECF No. 221 at 1.) Defendant posits the resulting difference between the indictment and proof at trial violates the rules laid out in *Berger v. United States*, 295 U.S. 78 (1935). *See Berger*, 295 U.S. at 83-84 (holding that variance between an indictment and proof at trial of multiple conspiracies is fatal to an indictment when the variance causes prejudice to the defendant). (ECF No. 221 at 2.) The Government responds that the evidence at trial will prove a multi-object conspiracy. (ECF No. 234 at 29.) Furthermore, the Government contends that if the evidence at trial fails to prove a multi-object conspiracy, then the court may

1

charge the jury with instructions regarding separate, unrelated conspiracies. (ECF No. 234 at 29-30.)

Courts have "uniformly upheld multiple-object conspiracies." *United States v. Bolden*, 325 F.3d 471, 492 (4th Cir. 2003); *see also United States v. Walsh*, 544 F.2d 156, 161 (4th Cir. 1976) (noting that a single conspiracy may have multiple objects). The Government here is alleging a multi-object conspiracy. (*See* ECF No. 1.) Therefore, Count 1 is allowable.

Defendant also claims that if an indictment charges a single conspiracy but the factual proof at trial instead suggests multiple conspiracies, then the jury must determine whether the Government established the original charged conspiracy. As the Fourth Circuit explained, "the question whether the evidence shows a single or multiple conspiracies is for the jury." *United States v. Urbanik*, 801 F.2d 692, 695 (4th Cir. 1986). If the evidence presented at trial supports a potential finding of multiple conspiracies, then the court will provide a multiple conspiracy instruction to the jury to permit them to determine whether a single or multiple agreements existed. *E.g.*, *United States v. Tipton*, 90 F.3d 861, 883 (4th Cir. 1996); *United States v. Bowens*, 224 F.3d 302, 307 (4th Cir. 2000). This, however, will be addressed in a charging conference based on the evidence presented at trial. Accordingly, Defendant's Motion is **DENIED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 22, 2018
Columbia, South Carolina