**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | Civil Action No.: 3:17-cr-00575-JMC-2 |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Vance Edward Volious, Jr., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Vance Edward Volious, Jr. ("Defendant") is a prisoner currently serving a sentence of two hundred fifty-five (255) months in the Bureau of Prisons ("BOP"). (ECF No. 384.)

This matter is before the court on Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582.[1] (ECF No. 404.) Specifically, Defendant requests that the court grant him compassionate release due to his medical conditions. (*Id.*) For the reasons set forth below, the court **DENIES** Defendant's Motion for Compassionate Release (ECF No. 404).

## I.    RELEVANT BACKGROUND TO PENDING MOTION

On June 20, 2017, the Grand Jury named Defendant[2] in an Indictment containing the following four (4) counts:

(1) At the times unknown to the grand jury, but beginning at least in or around 2016, and continuing thereafter, up to and including the date of this Indictment, in the District of South Carolina . . . VANCE EDWARD VOLIOUS, JR., and others known and unknown, knowingly and intentionally combined, conspired, agreed, and had a tacit understanding
   a. [T]o commit the offense of Transport and Receipt of Explosives to Kill an Individual… in violation of Title 18, United States Code, Section 844(d);
   b. [T]o commit the offense of Mailing Nonmailable Item with Intent to Kill . . . in violation of Title 18, United States Code, Section 1716(j)(2);
   c. [T]o commit the offense of Carrying Explosives During the Commission of a Felony . . . in violation of Title 18, United States Code, Section 844(h);

---

[1] Motions under this section are called Motions for Compassionate Release. *See United States v. Pack*, No. 2:17-cr-20002-10, 2020 WL 2174447, at *1 (W.D. Tenn. May 5, 2020).

[2] The Indictment included two (2) named Defendants.

d. [T]o commit the offense of Distributing Controlled Substances . . . in violation of Title 21, United States Code, Section 841.

. . .

(2) On or about June 5-7, 2017, in the District of South Carolina . . . VANCE EDWARD VOLIOUS, JR., and others known and unknown, as principals, aiders and abettors, and co-participants in jointly undertaken criminal activity did knowingly transport and receive, and attempt to transport and receive, in interstate and foreign commerce, explosives with the knowledge and intent that it will be used to kill and injure an individual.

In violation of Title 18, United States Code, Sections 844(d) & 2.

. . .

(3) On or about June 5-7, 2017, in the District of South Carolina . . . VANCE EDWARD VOLIOUS, JR., and others known and unknown, as principals, aiders and abettors, and co-participants in jointly undertaken criminal activity knowingly did deposit for mailing and delivery, and knowingly did cause to be delivered by mail . . . explosives and devices which may ignite and explode . . . with intent to kill and injure another.

In violation of Title 18, United States Code, Sections 1716(j)(2) & 2.

. . .

(4) On or about June 5-7, 2017, in the District of South Carolina . . . VANCE EDWARD VOLIOUS, JR., and others known and unknown, as principals, aiders and abettors, and co-participants in jointly undertaken criminal activity did knowingly carry explosives during the commission of any felony . . .

In violation of Title 18, United States Code, Sections 844(h) & 2.

(ECF No. 23.)

On July 6, 2017, Defendant pleaded not guilty to these charges. (ECF No. 66.) On April 19, 2018, a jury found Defendant guilty on all four (4) counts. (*See* ECF No. 328.) The court entered the Judgment on March 29, 2019, after sentencing Defendant to two hundred fifty-five (255) months in the BOP. (ECF No. 384 at 2.) Defendant filed an appeal on April 1, 2019, to the United States Court of Appeals for the Fourth Circuit.[3] (ECF No. 387.)

---

[3] The court has jurisdiction to address the instant Motion because adjudication of the issue will aid the appeal similar to if the court was resolving a motion to reconsider regarding Defendant's

On March 11, 2019, during Defendant's imprisonment, the World Heath Organization characterized COVID-19, also known as the new coronavirus, as a pandemic. On March 13, 2019, the President of the United States officially declared a national emergency due to the virus.

In his Motion, Defendant urges the court to grant him compassionate release but does not specify whether he is requesting a modification or reduction in his sentence. (ECF No. 404.) Defendant argues that the court should grant the compassionate release because he has underlining health issues such as being diagnosed with heart problems, sleep apnea, as well as asthmatic and throat problems. (*Id*. at 1-2.) Defendant contends that the compassionate release from prison is reasonable because "he has completed over 35 percent of his prison sentence with a release date of July 2035." (*Id*. at 2.)

## II.    LEGAL STANDARD

### A.  Administrative Exhaustion

"A sentencing court does not have inherent authority to modify an otherwise valid sentence." *United States v. Pack*, No. 2:17-cr-20002-10, 2020 WL 2174447, at *1 (W.D. Tenn. May 5, 2020). A [defendant] may bring a motion to modify his sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a person seeking a compassionate release is generally required to exhaust his administrative remedies prior to bringing a motion before the district court. *Id*. However, the exhaustion requirement may be waived under the following circumstances: (1) the relief sought

---

sentence. *See, e.g.*, *Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 890–91 (4th Cir. 1999) (holding that a district court is authorized, under the "in aid of appeal" exception, to entertain a Rule 60(b) motion after a party appeals the district court's judgment).

would be futile upon exhaustion; (2) exhaustion via the agency review process would result in inadequate relief; or (3) pursuit of agency review would subject the petitioner to undue prejudice. *See United States v. Poulios*, No. 2:09-cr-109, 2020 WL 1922775, at *1 (E.D. Va. Apr. 21, 2020); *see also United States v. Crawford*, No. 2:03-cr-10084, 2020 WL 2537507, at *1 (W.D. Va. May 19, 2020) (finding that the exhaustion requirement has been waived where defendant had not fully exhausted his administrative remedies).

   B.   The Compassionate Release Standard

   As amended by the First Step Act, a court may modify a term of imprisonment on the motion of the petitioner after considering the factors if there are "extraordinary and compelling reasons" that warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Additionally, the Sentencing Commission directs courts to consider when a defendant poses "a danger to the safety of any other person or to the community," before granting a compassionate release. *United States v. Gomez*, No. 2:18-cr-01435-1, 2020 WL 2061537, at *1 (S.D. Tex. Apr. 29, 2020) (quoting U.S.S.G § 1B1.13). Courts should assess factors under 18 U.S.C. § 3142(g) to determine whether a defendant is dangerous to the safety of others or the community. *United States v. Ennis*, EP-02-cr-1430PRM-1, 2020 WL 2513109, at *7 (W.D. Tex. June 17, 2020). These factors include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *Id*. However, these are mere suggestions and do not bind a court's application of § 3582(c)(1)(A)(i). *McCoy v. United States*, No. 2:03-cr-197, 2020 WL 2738225, at *4 (E.D. Va. May 26, 2020); *see also United States v. Lisi*, 15-cr-457, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) ("[T]he court may independently evaluate whether the petitioner has raised an extraordinary and compelling reason for

compassionate release . . .”). In sum, the court may consider a combination of factors including, but not limited to, those listed in U.S.S.G § 1B1.13, to evaluate a defendant's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i).

### III.    ANALYSIS

Upon review of the applicable law and facts presented here, the court finds that Defendant is not entitled to relief. The court discusses these reasons below.

A. Exhaustion of Administrative Remedies

The BOP requires proper exhaustion of its administrative remedies and the process is as follows: (1) file the request to the BOP; (2) receive approval or denial from the warden of the facility; (3) if denied, submit an appeal to the BOP; then (4) file a motion for release with the court.[4] Based on the evidence presented to the court, it is clear that Defendant has not initiated the process for administrative remedies. Thus, the court cannot make any determination regarding Defendant's Motion. The court lacks authority to grant a sentence reduction under the provisions of the BOP. *See United States v. Johnson*, No. 14-cr-0441, 2020 WL 1663360, at *6 (D. Md. Apr. 3, 2020) (noting that "[u]ntil [the administrative exhaustion] requirements are satisfied, the Court lacks jurisdiction to entertain [a 3582(c)(1)(A) motion"). Defendant has failed to meet his burden by not providing the court with sufficient information that he has fully satisfied the exhaustion requirement.[5] *See* § 3582 (c)(1)(A)(i).

---

[4] *See Administrative Remedy Program*, https://www.bop.gov/policy/progstat/1330_018.pdf (last visited Sept. 14, 2020).

[5] Although courts have been given authority to waive the exhaustion requirements at their discretion due to COVID-19, the court can still deny the defendant's request for release. *See Poulios*, 2020 WL 1922775, at *1. However, even if the court decided to waive the exhaustion requirements, the court is not inclined to grant Defendant's request.

B. <u>Compassionate Release</u>

A defendant must bear the burden of proof before a court can grant a compassionate release motion. *Cf. United States v. Beck*, 425 F. Supp. 3d 573, 578 (M.D.N.C. 2019). The court may modify the term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). In light of COVID-19, courts have construed this pandemic and the resulting severe illnesses as "extraordinary and compelling." *E.g.*, *United States v. Salvagno*, No. 5:02-cr-51, 2020 WL 3410601 (S.D.N.Y. Apr. 23, 2020).

Here, Defendant asserts that his medical conditions warrant his release. (ECF No 404.) Defendant states that he has been diagnosed with heart problems, sleep apnea, asthma, and throat problems. (*Id.*) According to CDC guidance, the following conditions and risk factors place individuals at high risk for severe COVID-19 illness: asthma, chronic lung disease, diabetes, serious heart conditions, chronic kidney disease, severe obesity, liver disease, being immunocompromised, over the age of sixty-five (65), and being in a nursing home or long-term facility.[6] The court is sympathetic to Defendant's health conditions and notes that his heart problems and asthma do meet those enumerated by the CDC as increasing the risk to his life if he to catches COVID-19. However, the court finds that Defendant fails to present "extraordinary and compelling" reasons for his release despite listing multiple medical conditions.

## IV.    CONCLUSION

Upon careful consideration of the entire record, the court hereby **DENIES WITHOUT PREJUDICE** Defendant Vance Edward Volious, Jr.'s Motion for Release under 18 U.S.C. § 3582. (ECF No. 404.)

---

[6] *Groups at Higher Risk for Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-athigher-risk.html (last visited Sept. 17, 2020).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

October 8, 2020
Columbia, South Carolina